IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY HORSLEY,
    #705898
    Plaintiff,

vs.                                        Case No.: 3:12cv264/MCR/EMT

WARDEN FLORES, Warden
of Century Correctional Institution
    Defendant.

## **REPORT AND RECOMMENDATION**

       This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1).  Leave to proceed in forma pauperis was granted, and the initial partial filing fee has been paid (docs. 8, 9, 13).  Upon review of Plaintiff's complaint, the court concludes that this case should be dismissed because Plaintiff has not stated and cannot state a plausible § 1983 claim against Defendant Flores.

BACKGROUND AND PROCEDURAL HISTORY

       Plaintiff, an inmate in the Florida Department of Corrections is currently incarcerated at the Central Florida Reception Center,[1] although the events complained of occurred during his incarceration at Century Correctional Institution (doc. 1 at 7). Plaintiff alleges that on June 12, 2011 at approximately 5:30 a.m., he was attacked as he slept by inmate Winburn, a known gang member (*id*.).  Plaintiff asserts that Winburn had intended to attack inmate B. Williams, but "had been given the wrong bunk number" (*id*.).  Plaintiff maintains that inmate B. Williams had been pressured to

---

    [1] *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=92786351

become a "snitch" for Warden Flores, and had "snitched" on gang members and activities, which was the underlying motivation for the attack (*id.*). Plaintiff asserts that Warden Flores owed Plaintiff a duty of reasonable care and failed in those duties when he exposed Plaintiff to the risk of injuries by pressuring inmate B. Williams to become a snitch (*id.*). Plaintiff asserts that Warden Flores knew of the risk of attack that would be caused by his use of inmate Williams as a snitch (*id.*). Plaintiff seeks investigation of the incident and reimbursement for his injuries, including mental suffering and his lost wages from the date of the injury.

## DISCUSSION

Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable federal claim and that sua

sponte dismissal is therefore warranted.  Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d  40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

Although Plaintiff has presented his complaint on the form for use in actions under 42 U.S.C. § 1983, he cites only Florida law as the basis for this action in his statement of claims (*see* doc. 1 at 8).  Specifically he cites Dunagan v. Seely, 533 So. 2d 867 (Fla. 1st DCA 1988), a suit in negligence by an inmate against the county sheriff after he was injured in an attack by another inmate; Davis v. State, Dept. of Corrections, 460 So. 2d 452 (Fla. 1st DCA 1984), a suit by a prisoner against a fellow prisoner and the DOC, alleging that the DOC was negligent in its classification and placement of the prisoner as well as its supervision of the facility; and Reddish v. Smith, 468 So. 2d 929 (Fla. 1985), a suit by an individual who was shot by an escaped prisoner against the Department of Corrections and a DOC employee who had caused the prisoner to be reclassified to minimum custody status.  None of these cases relies on federal law, and Plaintiff references no rights under the Constitution or laws of the United States in his complaint.  Moreover, in support of his claims, Plaintiff references the same provision of Florida law at issue in state cases he cited, that is, Fla. Stat. § 768.28 (reflecting Florida's waiver of sovereign immunity for liability for torts in certain actions against the state or its agencies).[2]  Because any basis for federal jurisdiction is clearly lacking, it appears that Plaintiff filed his case in federal court in error.  Indeed, in the caption section of his complaint, Plaintiff indicated he was initiating this case in the "First Division," presumably referring to the First Judicial Circuit

---

[2] Plaintiff actually cited Fla. Stat. § 7**2**8.28 (*see* doc. 1 at 8) (emphasis added), but this is obviously a scrivener's error, as no such statute exists.

of Florida, which circuit includes Century, Florida, and the Century Correctional Institution where the events he complains of occurred (*see* doc. 1 at 1).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile; therefore, the Court may dismiss this case without providing opportunity for amendment. In this case, as any basis for federal jurisdiction is absent, Plaintiff's complaint must be dismissed so that he may pursue his claims in the proper forum.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 26th day of September 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**