IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY HORSLEY,
#705898
            Plaintiff,

vs.                                                    Case No.: 3:12cv264/MW/EMT

WARDEN FLORES, Warden
of Century Correctional Institution
            Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a civil rights complaint under title 42 U.S.C. § 1983
(doc. 1).  Leave to proceed in forma pauperis was granted, and the initial partial filing fee has been
paid (docs. 8, 9, 13).  Plaintiff subsequently filed an amended complaint (doc. 28).  Upon review of
the amended complaint, the court concludes that this case should be dismissed because Plaintiff has
not stated and cannot state a plausible § 1983 claim against Defendant Flores.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a pro se inmate in the custody of the Florida Department of Corrections, is currently
incarcerated at Apalachee Correctional Institution ("ACI"), although the events giving rise to this
complaint took place during his incarceration at Century Correctional Institution ("CCI").  Defendant
Flores, the lone Defendant in this action, is the Warden of CCI.  Plaintiff alleges that at 5:30 a.m. on
June 12, 2011, while he was sleeping in his bunk, number "B35," he was attacked in error by inmate
Winburn (doc. 28 at 5–6).  The error was one of mistaken identity, as Winburn actually meant to target

inmate B. Williams, who occupied bunk number "B34," the bunk next to Plaintiff (doc. 28 at 5–6). Plaintiff suffered severe facial injuries as a result.

Plaintiff seeks to hold Warden Flores constitutionally liable for this attack through an attenuated chain of circumstances, alleged by Plaintiff as follows. Inmate B. Williams, the purported target of Winburn's attack, was a "snitch" for Warden Flores, and in this role Williams gathered information concerning gang members and gang activity and reported to the warden (doc. 28 at 5). Inmate Winburn, whom Plaintiff identifies as a "known gang member," became aware of Williams' activity, and sought revenge upon Williams (*id.* at 6). Winburn, however, "had been given [Plaintiff's] bunk number in error" (*id.,* and exh. A). Thus, Winburn's attack on Plaintiff was "unintentional." Plaintiff asserts that Warden Flores' policy of recruiting inmates to become informants in an effort to stem gang violence created a safety risk both for the informants and for innocent bystanders such as himself (doc. 28 at 6).

After the incident, B. Williams, the alleged informant and intended target, was moved into protective custody and assailant Winburn was placed into disciplinary confinement (doc. 28 at 7). Plaintiff was also placed into protective custody until he was transferred to ACI on July 13, 2011 (*id.*).[1]

Plaintiff filed numerous grievances about the incident, which are both attached as exhibits to the amended complaint as well as summarized therein (doc. 28 at 7–10, exhs. A–J).

Plaintiff claims that Defendant Flores violated his Eighth Amendment rights by implementing the dangerous policy of recruiting inmates to become informants, thus creating a safety risk for both informants and innocent bystanders, and by "being completely indifferent to the risk that [Plaintiff] might be attacked as a direct result" of this policy (doc. 28 at 11). He seeks monetary and injunctive relief (*id.* at 12).

## DISCUSSION

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

---

[1] Plaintiff is still incarcerated at ACI with a projected release date of March 6, 2013. *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=654988050

immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule.  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  *See* <u>Pielage v. McConnell</u>, 516 F.3d 1282 (11th Cir. 2008); <u>Thaeter v. Palm Beach County Sheriff's Office</u>, 449 F.3d 1342, 1352 (11th Cir. 2006); <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964–65, 1973 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim against Defendant Flores, and that his request for injunctive relief is moot.  Therefore, sua sponte dismissal is warranted.  <u>Vanderberg v. Donaldson,</u> 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff has requested injunctive relief with respect to CCI's use of inmates as "gang-related activity informants" (doc. 28 at 12).  As noted above, Plaintiff is no longer incarcerated at CCI, and thus he is no longer directly affected by this alleged policy.  Therefore, his request must fail.  Courts do not sit to render advisory opinions.  <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971).  An actual controversy must exist at all times when the case is pending.  <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 n.10 (1974); <u>Flast v. Cohen</u>, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is

presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Plaintiff's transfer to ACI, which occurred even before he filed this action, renders moot his request for injunctive relief with respect to practices at CCI. *See* Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) (generally, transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief; prisoner's release and return to prison meant claim was not moot); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); Tucker v. Phyfer, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief"); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief; Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). *Cf.* Johnson v. Turpin, No. 94-9420-AA, 2001 WL 520804, at *1 (11th Cir. Apr. 11, 2001) (prisoner's claim for injunctive relief not moot because he was still within the state prison system and subject to being returned to facility where alleged violations took place).

The court next considers Plaintiff's request for monetary damages against Warden Flores for the alleged violation of Plaintiff's Eighth Amendment rights. To state a cause of action under section 1983, the conduct complained of must be committed by a person acting under state law and it must deprive a person, in this case Plaintiff, of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

In order to state a claim for a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, there must be at least some plausible allegation of a conscious or callous indifference to a prisoner's rights, which would thus raise the tort to one of constitutional

stature. <u>Williams v. Bennett</u>, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting <u>Wright v. El Paso County Jail</u>, 642 F.2d 134, 136 (5th Cir. 1981)).  "An official's deliberate indifference to a known danger violates an inmate's Eighth Amendment rights."  <u>McCoy v. Webster</u>, 47 F.3d 404, 407 (11th Cir. 1995).  It is well established that prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994) (citations omitted); <u>Rodriguez v. Secretary for the Dept. Of Corrections</u>, 508 F.3d 611, 616–17 (11th Cir. 2007); <u>Purcell ex. Rel. Estate of Morgan v. Toombs County, GA</u>, 400 F.3d 1313, 1319 (11th Cir. 2005); <u>Carter v. Galloway</u>, 352 F.3d 1346, 1349 (11th Cir. 2003); *see also* <u>Jordan v. Secretary, Dept. of Corrections</u>, No. 11-15209, 2012 WL 6621459 (11th Cir. Dec. 20, 2012).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  <u>Farmer,</u> 511 U.S. at 834; <u>Purcell</u>; <u>Galloway</u>, *supra*.  To be held liable under the Eighth Amendment for failing to protect an inmate from attack by other inmates, or prevent such an attack, a correctional official must be found to have known of and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Farmer</u>, 511 U.S. at 837; <u>Purcell</u>, 400 F.3d at 1319–20 (plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.") (citation omitted); <u>Rodriguez</u>, *supra*.  When officials become aware of threats to an inmate's health and safety, the Eighth Amendment proscription against cruel and unusual punishment imposes a duty to provide reasonable protection.  <u>McCoy</u>, 47 F.3d at 407; <u>Marsh v. Butler County, Alabama</u>, 268 F.3d 1014, 1027 (11th Cir. 2001).

The court does not deny that the incident described in the complaint was most unfortunate or that Plaintiff was injured.  However, a seemingly sympathetic fact pattern does not equate to an actionable constitutional claim.  There are simply no particularized facts in the complaint from which this court can extract a viable claim against Warden Flores for a failure to protect.  Even if the Warden knew that using "snitches" had the potential for creating trouble (albeit a different kind of trouble than that he sought to avoid by the use of inmate informants), there is nothing in the complaint from which the court can determine that the risk of an incident as described in the complaint  was foreseeable to the Warden and that he was deliberately indifferent to it.  Otherwise stated, Warden Flores could not

reasonably have been expected to draw an inference that, as a direct result of his policy of using inmate informants, an "innocent" inmate would be injured, with a contraband weapon, as a result of having been mistaken for one of his "snitches" due to misinformation provided by a third party. Plaintiff himself repeatedly asserts that the attack was the result of his assailant receiving misinformation about the bunk number of the intended victim, and that Plaintiff was an innocent bystander with no involvement in gang activity or "snitching" (*see* doc. 28 at 6 (¶¶ 7,11, 12,15), 8 (¶¶ 26, 30), 9 (¶ 37), 11 (¶ 2) & exhs. A, D, E, G, H). He was not attacked because he was believed to be or had been labeled a "snitch." Therefore this case is in no way analogous to the cases cited in Plaintiff's memorandum, where a particular individual's rights were violated after being labeled a "snitch" by prison guards. *See* Robinson v. Danberg, 729 F.Supp.2d 666 (D. Del. 2010) (inmate improperly labeled a "snitch" by prison officials in violation of Eighth Amendment); Harry v. County of Suffolk, 755 F. Supp. 2d 422, 441 (E.D.N.Y. 2010) (inmate's injury was reasonably foreseeable after he had been labeled a "snitch"); Irving v. Dormice, 519 F. 3d 441, 451 (8th Cir. 2008) (falsely labeling inmate a snitch violates inmate's Eighth Amendment rights).[2] The element of causation is utterly lacking.

Based on the foregoing, the court is satisfied that Plaintiff's complaint charging Warden Flores with a violation of his Eighth Amendment rights lacks an arguable basis in law or fact and that it fails to state a claim.[3]

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Plaintiff also cites Glover v. Alabama Dept. of Corrections, 734 F.2d 691 (11th Cir. 1984), in which the Eleventh Circuit found that there was sufficient evidence to warrant an inference that a prison official's statement to a group of inmates that a particular inmate's life was worth "five or six packs of cigarettes" was the proximate cause of an attack on the inmate the following day. The Glover decision was vacated, *see* Alabama Dept. of Corrections v. Glover, 474 U.S. 806 (1985), but even if it had not been, it is clearly inapposite to the facts of the case at bar.

[3] The court initially recommended dismissal of Plaintiff's complaint because it appeared to have been filed in the wrong court since it was captioned for state court and included citations only to state law (*see* docs. 1, 17). Plaintiff does not appear to have pursued any action in state court. At the time he filed the current complaint, he indicated that he has filed no other cases in any court dealing with the facts of this case (doc. 28 at 3).

At Pensacola, Florida, this <u>5</u><sup>th</sup> day of February 2013.

<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

    **Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**